IN THE UNITED STATES DISTRCT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VICKI J. DENNY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 24-3327 |
| | ) |
| MEMORIAL HOSPITAL SPRINGFIELD, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case has been assigned to the undersigned Magistrate Judge to rule on the Motion for Leave to Proceed as a pauper [Doc. 2] and the Motion to Request Counsel [3], which necessarily requires a review of the complaint [1]. Since not all parties have entered their appearance and consented to magistrate judge jurisdiction, this Court issues a Report and Recommendation for consideration by a District Judge. *See* 28 U.S.C. §636(b)(1)(b); Federal Rule of Civil Procedure 72(b).

For the reasons set forth below, this Court RECOMMENDS plaintiff's Motion for Leave to Proceed In Forma Pauperis [Doc. 2] be DENIED and the Motion to Request Counsel [Doc. 3] DENIED.

Plaintiff filed the instant lawsuit [Doc. 1] as a pro se litigant. She completed a form provided by this Court for pro se civil rights actions indicating the basis of jurisdiction was both a federal question and diversity [Doc. 1, p. 3]. Plaintiff lists her address as Springfield, Illinois, and the address of defendant as Springfield, Illinois. Jurisdiction cannot lie on the basis of diversity. *Page v. Democratic National Committee*, 2 F.4th 630, 634 (7th Cir. 2021)(federal diversity jurisdiction for a civil matter requires a controversy that exceeds the sum or value of $75,000 and (as relevant here) the action must be between citizens of different States or citizens of a State and citizens or subjects of a foreign state). *See* 28 U.S.C. §1332(a).

Plaintiff alleges in the complaint that hospital staff refused to feed and provide her mother with water or even ice chips [Doc. 1, p. 4]. Plaintiff alleges "groce (*sic*) negligence" [Doc. 1, p. 4]. Nowhere in the complaint does plaintiff allege a federal question against the defendant. Rather, the allegations indicate a claim that arises under state law for acts of negligence or gross negligence, which belong in State court. *See, e.g., Dobrzeniecki v. Brown*, 2015 WL 2208341 (May 8, 2025)(medical malpractice claims sound in state law and a federal

court does not err in refusing to exercise jurisdiction or dismiss a medical malpractice claim in favor of state court, since Illinois courts are highly experienced at addressing medical malpractice claims arising under Illinois law).

When granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. Although the Prison Litigation Reform Act ("PLRA") (28 U.S.C. §1915(a)(1)) significantly changed the responsibilities of a district court in reviewing *pro se* complaints and in *in forma* pauperis motions, the Seventh Circuit has clarified that the PLRA "changed §1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." *Hutchinson v. Spink,* 126 F.3d 895, 899 (7th Cir. 1997).

Under the PLRA, the Court must screen all complaints filed by plaintiffs seeking to proceed *in forma pauperis*, regardless of whether the plaintiff is a prisoner, and dismiss the complaint if (a) the allegation of poverty is untrue; (b) the action is frivolous or malicious; (c) the action fails to state a claim upon which relief can be granted; or (d) the action seeks monetary relief against a defendant immune to such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court is satisfied plaintiff is indigent. In her application to proceed without prepayment of fees, plaintiff signed an affidavit reflecting that she receives a minimal monthly income of $1,200 in disability benefits; has no assets; and her rent and utilities are the same as her monthly income [Doc. 2].

The inquiry of whether plaintiff should be granted pauper status does not end with her affidavit, however. The Court must also consider whether plaintiff's complaint satisfies the requirements of 28 U.S.C. §1915(e)(2). A *pro se* filing is to be liberally construed, because "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When a plaintiff seeks to proceed *in forma pauperis*, a court is authorized to dismiss the action at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013)("28 U.S.C. §1915(e)(2) ... directs district courts to screen all complaints

accompanied by an IFP request for failure to state a claim, among other things[.]").

Claims may be dismissed at screening when it is clear on the face of the complaint that they are barred by the statute of limitations. *See Dickens v. Illinois*, 753 Fed. App'x 390, 392 (7th Cir. 2018)(citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). The claims in this case appear to be brought on a theory of negligence or medical malpractice. Illinois law prescribes at 735 ILLCS 13-212(a):

> No action for damages for injury or death against any physician . . . registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claiming knew or should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action whichever occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

In the complaint filed on November 20, 2024 [Doc. 1], plaintiff did not allege when her mother was in the hospital; when her mother was discharged; or whether plaintiff has been appointed as the administrator for her mother's estate. However, there are medical records from Memorial Medical Center Emergency Department

attached to the complaint when plaintiff's mother was seen for a potential stroke on September 20, 2022 [Doc. 1, p. 11], and was discharged on September 27, 2022 [Doc. 1, pp. 12, 15]. Thus, it is unclear whether plaintiff is the appropriate party to bring this action and whether it is time barred.

Considering the liberal standard by which plaintiff's complaint is to be judged, she has not adequately pled a violation of federal law and there is no diversity of the parties. However, the complaint does not, necessarily, fail to state a cause of action at all. Rather, the complaint could state a cause of action for negligence or medical malpractice that could be maintained in state court. Accordingly, this Court recommends denying plaintiff leave to proceed in forma pauperis [Doc. 2] in this Court and dismissing the federal action.

Plaintiff also filed a Motion to Request Counsel [Doc. 3]. Should the District Court Judge adopt this Report and Recommendation, the Motion to Request Counsel [Doc. 3] would be moot.

However, this Court recommends denial of the Motion to Request Counsel on alternative grounds. When presented with a request to appoint counsel, the Court makes the following inquiries:

(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it herself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not provided the court with sufficient information to indicate plaintiff has met her threshold burden in attempting to recruit counsel on her own. This Court recommends plaintiff's Motion to Recruit Counsel [Doc. 3] be DENIED.

IT IS THEREFORE RECOMMENDED:

1. **Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Doc. 2] be DENIED.**

2. **The Complaint [Doc. 1] be DISMISSED for lack of jurisdiction.**

3. **Plaintiff's Motion to Request Counsel [Doc. 3] be DENIED.**

4. **Plaintiff is advised any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. §636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).**

ENTERED December 2, 2024.

/s Karen L. McNaught
KAREN L. MCNAUGHT
UNITED STATES MAGISTRATE JUDGE